UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

*Electronically Filed*

(Marion County Superior Court, Cause No. 49D11-2212-CT-044634)

| | |
|---|---|
| ROBERT THOMAS )<br>    Plaintiff, )<br> )<br>VS. )<br> )<br>GWENDOLYN ALLEN and )<br>OZARK MOTOR LINES, INC. )<br>    Defendants. ) | Case No.: |

# NOTICE OF REMOVAL

\* \* \* \* \*

Defendants, Gwendolyn Allen and Ozark Motor Lines, Inc., by counsel, hereby file their Notice of Removal pursuant to 28 U.S.C.A. §§ 1441 and 1446 and S.D. Ind. L.R 81-1 of the above-captioned case originally asserted by Plaintiff, Robert Thomas, in State of Indiana, Marion County Superior Court, Cause No. 49D11-2212-CT-044634 ("Action"). As grounds for the removal of the Action to this Court for trial and determination, Defendants state as follows:

1. On December 29, 2022, Plaintiff, Robert Thomas, filed a Complaint for personal injury in Marion County Superior Court, Marion County, Indiana, alleging:

   a. Negligence and property damage against Defendant Gwendolyn Allen as a result of an accident on June 22, 2021;[1]

   b. Vicarious liability/*respondeat superior* against Ozark Motor Lines, Inc., as a result of the actions of Defendant Gwendolyn Allen;[2] and

---
[1] Exhibit A, pp. 1-2, ¶¶ 3-6.
[2] *Id.* at pp. 2-3, ¶¶ 2-4.

    c.    Negligence against Ozark Motor Lines, Inc. for failure to hire, authorize appropriate conduct, train, and supervise its employees.[3]

2.    Copies of the Complaint and Summons were served upon Defendant Gwendolyn Allen on January 10, 2023, and upon Defendant Ozark Motor Lines, Inc. on January 11, 2023.[4]

3.    Plaintiff does not assert an amount in controversy in the Complaint.

## BASIS FOR REMOVAL

4.    The action is of a civil nature seeking monetary damages from Defendants Gwendolyn Allen and Ozark Motor Lines, Inc.

5.    Federal jurisdiction is appropriate pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a) if the parties and interests are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *Diversity of Citizenship*

6.    The parties are diverse:

    a.    Plaintiff Robert Thomas is a resident of the state of Indiana;

    b.    Defendant Gwendolyn Allen is a resident and citizen of the state of Arkansas;[5]

    c.    Defendant Ozark Motor Lines, Inc. is a corporation organized under the laws of Tennessee and has a primary place of business in Memphis, Tennessee.[6]

7.    Both Defendants are represented by undersigned counsel and consent to removal.

8.    There is complete diversity of citizenship among the relevant parties hereto.

---

[3] *Id.* at pp. 3-4, ¶¶ 2-4.
[4] Exhibit A, Complaint and Summons.
[5] Exhibit B, Affidavit of Counsel, ¶ 2.
[6] Exhibit B, Affidavit of Counsel, ¶ 3.

### *Amount in Controversy*

9. Where a Complaint does not allege an amount in controversy, the Court may look to materials extraneous to the Complaint. *See, e.g.,* Smith v. Apple, Inc., 1:17-cv-04694, 2019 WL 1474304 (S.D. Ind. March 4, 2019). The Defendant may "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014). "A good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006). A settlement demand in excess of $75,000 may be considered as satisfactory evidence that the amount in controversy exceeds the jurisdictional minimum. *Rising-Moor v. Red Roof Inns, Inc.,* 435 F.3d 813 (7th Cir. 2006); *Vest v. J.B. Hunt Transport, Inc.,* 1:18-cv-01800, 2018 WL 3721392 (S.D. Ind. 2018).

10. Although the Complaint is silent to the jurisdictional amount, Plaintiff, Robert Thomas, alleges both past and future "physical pain and mental suffering," past and future "expenses for necessary medical care, treatment and services," "personal property damaged or destroyed, lost…use of personal property…diminished value of their vehicle, and…towing and storage expenses," "impairment of earning capacity," and "bodily disfigurement or deformity" that were "proximately caused by the negligence" of Defendants.[7]

11. Following a review of medical records obtained prior to the filing of the Complaint, Defendants' counsel is aware that Plaintiff, Robert Thomas, is alleging pain in his right wrist, left knee, both shoulders, neck, tailbone, and right-side groin, and possible diagnoses of ilio-inguinal strain, strain of muscle, fascia, or tendon at right shoulder or upper arm, strain of neck, sacral contusion, and strain of lumbar region.[8]

---

[7] *Id.* at p. 2, ¶ 6, pp. 3-4, ¶ 3.
[8] Exhibit B, ¶¶ 4-5.

12. Plaintiff's pre-litigation settlement demand was $140,000.[9]

13. Based on reviews of the bare allegations in the Complaint, Plaintiff's medical records, and Plaintiff counsel's settlement demand, it is believed that the amount in controversy exceeds, exclusive of interest and costs, the $75,000 threshold amount for Federal District Court.

### *Removal is Appropriate*

14. Because diversity of citizenship exists between Plaintiff and Defendants, and the amount in controversy is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1), and this action is removable under 28 U.S.C. § 1441(b).

### REMOVAL IS TIMELY

15. Pursuant to 28 U.S.C. §1446(b)(1), this Notice of Removal is timely because it was filed within 30 days of the filing of the Complaint.

### REMOVAL IS PROPERLY FILED

16. Removal to this district and division are proper under 28 U.S.C. § 1441 because this is the district and division embracing the location where the action is pending.

17. This Notice of Removal, together with the docket sheet from the State Court action, copies of all process, pleadings, and orders, comply with the requirements of 28 U.S.C. § 1446(a) and (b), as this Defendant has provided (above) a short and plain statement of the grounds of removal and has attached all documents from the action in State Court. The State Court Docket Sheet and all other documents, from the State Court action, complete as of the date of removal are attached, and include the following:[10]

    a. Complaint, filed December 29, 2022;

    b. Appearance Form (Civil) Initiating Party, filed December 29, 2022;

---

[9] *Id.* at ¶ 6.
[10] Exhibit C, State Court Docket Sheet And All State Court Documents.

  c. Summons (Gwendolyn Allen), filed December 29, 2022;

  d. Summons (Ozark Motor Lines, Inc.) , filed December 29, 2022;

  e. Certificate of Issuance of Summons (Gwendolyn Allen), filed January 6, 2023; and

  f. Certificate of Issuance of Summons (Ozark Motor Lines, Inc.), filed January 6, 2023.

18. True and accurate copies of this Notice of Removal and accompanying exhibits and Notice of Filing of Removal will be served upon Plaintiff's counsel and filed in Marion County Superior Court, Marion County, Indiana, on this date, in accordance with 28 U.S.C. ¶ 1446(a). The State Court Notice of Filing of Notice of Removal is attached.[11]

WHEREFORE, Defendants, Gwendolyn Allen and Ozark Motor Lines, Inc., by counsel, respectfully notify this Court that Cause No. 49D11-2212-CT-044634 filed in Marion County Superior Court has been removed to this Court in accordance with the foregoing statutory provisions and federal rules.

    Respectfully submitted,

    CASEY BAILEY & MAINES, PLLC

    */s/ Michael P. Casey*
    MICHAEL P. CASEY
    Indiana Bar No. 19235-22
    3151 Beaumont Centre Circle, Suite 200
    Lexington, KY 40513
    Telephone: (859) 243-0228
    Facsimile: (859) 243-0528
    Email: mcasey@cbmlaw.net
    *Counsel for Defendants, Ozark Motor Transport, Inc. and Gwendolyn Allen*

---

[11] Exhibit D, Notice of Filing of Notice of Removal.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM-ECF system and served by mail upon the following parties:

Donald L. Poynter, #19529-53
John D. Norman, #34714-41
Matthew W. Kappus, #34714-49
POYNTER & BUCHERI, LLC
4202 Madison Avenue
Indianapolis, IN 46227
don@pb-law.com
john@pb-law.com
pblaw.mwkappus@gmail.com
*Counsel for Plaintiff*

                                        */s/ Michael P. Casey*
                                        MICHAEL P. CASEY